# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE ANGEL RAMIREZ
PANTALEON,

     Petitioner,

v.

GEORGE DEDOS, Warden, Cibola
County Correctional Center; MARISA
FLORES, Acting Director, El Paso
Field Office, U.S. Immigration &
Customs Enforcement, Enforcement &
Removal Operations; DAVID J.
VENTURELLA, Acting Director, U.S.
Immigration & Customs Enforcement;
MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland
Security; TODD BLANCHE, Acting
U.S. Attorney General; DAREN K.
MARGOLIN, Director, Executive
Office of Immigration Review,

     Respondents.

No. 1:26-cv-01991-MLG-JHR

## ORDER TO SHOW CAUSE

This matter is before the Court sua sponte. Petitioner Jose Angel Ramirez Pantaleon has been detained by federal immigration authorities since February 1, 2026. Doc. 1 at 1. Ramirez Pantaleon's Verified Petition for Writ of Habeas Corpus ("Petition") seeks his immediate release on the basis that his continued detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful. Doc. 1 at 1-3, 7-13, 16-22. The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to the Petition on behalf of Federal Respondents[1] within ten business

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of the Cibola County Correctional Center.

days. *See* Doc. 3. The USAO timely responded, arguing that Ramirez Pantaleon's detention is justified because he "is correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A) based on the plain language of that statute." Doc. 9 ("Response") at 2.

As the Response acknowledges, the Tenth Circuit Court of Appeals expressly rejected Federal Respondents' position on "materially [in]distinguishable" facts a week before the USAO filed its response. *See id.* (citing *Santillan Quiroz v. Mullin*, ---- F.4th ----, 2026 WL 1876709 (10th Cir. June 30, 2026)). "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border." *Santillan Quiroz*, 2026 WL 1876709, at *7 (footnote omitted). Federal Respondents do not contend that Ramirez Pantaleon was detained while seeking entry at the border, and they present no legal argument supporting their contrary interpretation of § 1225(b)(2)(A) or otherwise provide a substantive basis for their filing. *See* Doc. 9 at 2 (indicating that Ramirez Pantaleon entered the United States in January 2000 and was detained in El Paso, Texas, in February 2026); Fed. R. Civ. P. 11(b)(2). Federal Respondents further assert that their legal position was substantially justified, so Ramirez Pantaleon should not be awarded attorney fees and costs under the Equal Access to Justice Act. Doc. 9 at 3-5.

Under Rule 11, an attorney's submission of a "pleading, written motion, or other paper[,]" indicates that counsel reasonably believes their filing is justified (e.g., not submitted to "cause unnecessary delay"), and that their legal contentions are "warranted by existing law or by a nonfrivolous argument" for changing the law. *See* Fed. R. Civ. P. 11(b)(1)-(2). The rule is designed "to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Collins v. Daniels*, 916 F.3d 1302, 1322 (10th Cir. 2019) (alteration in original) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Otherwise, the

"machinery of justice" could be stalled by such submissions, which "burden[] courts and individuals alike with needless expense and delay." *Id*. at 1323 (internal quotation marks omitted) (quoting *Cooter & Gell*, 496 U.S. at 398).

Given that the Tenth Circuit has directly addressed and resolved the relevant legal issue, the Court questions whether Federal Respondents have a legitimate justification for their continued opposition to the Petition. *See* Doc. 9 at 2 (arguing that § 1225(b)(2)(A) governs Ramirez Pantaleon's detention and stating that Federal Respondents "do not consent to issuance of the writ"); *id.* at 6 (acknowledging that "recent binding precedent closes the door on Respondents' arguments in this Circuit"). Accordingly, Federal Respondents are ordered to show cause by noon Monday, July 20, 2026, why they should not be sanctioned for filing a pleading in violation of Rule 11(b)(1)-(2). The Assistant United States Attorney appearing in this matter along with First Assistant U.S. Attorney Ryan Ellison must both sign the response to this Order and appear in person for any hearings. In addition, a representative for each Federal Respondent must also attend any hearings attendant to this directive.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

3