**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE ANGEL RAMIREZ
PANTALEON,

       Petitioner,

v.                                                                       No. 1:26-cv-01991-MLG-JHR

GEORGE DEDOS, Warden, Cibola
County Correctional Center; MARISA
FLORES, Acting Director, El Paso
Field Office, U.S. Immigration &
Customs Enforcement, Enforcement &
Removal Operations; DAVID J.
VENTURELLA, Acting Director, U.S.
Immigration & Customs Enforcement;
MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland
Security; TODD BLANCHE, Acting
U.S. Attorney General; DAREN K.
MARGOLIN, Director, Executive
Office of Immigration Review,

       Respondents.

**ORDER DIRECTING RESPONDENTS TO IMMEDIATELY
RELEASE PETITIONER UPON PAYMENT OF $5,000 BOND**

Petitioner Jose Angel Ramirez Pantaleon, a Mexican citizen, has lived in the United States since approximately January 2000, when he entered the country as a five-year-old child. Doc. 1 at 13-14; Doc. 1-1 at 2. He has been detained by federal immigration authorities since February 1, 2026. Doc. 1 at 1. At a bond hearing in April 2026, an immigration judge ("IJ") held that he lacked jurisdiction to issue a bond because Ramirez Pantaleon was an "[a]pplicant seeking admission," but the IJ held in the alternative that, "if jurisdiction were found to be proper, the court finds that the [Petitioner] is neither a danger to the community nor a flight risk and would set a bond at $5,000 w/ATD." Doc. 1-2 at 2. Ramirez Pantaleon's Verified Petition for Writ of Habeas Corpus

1

("Petition") seeks his immediate release on the basis that his continued detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful. *See* Doc. 1. Ramirez Pantaleon additionally seeks an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). *Id.* at 22. The dispositive question presented by the Petition is whether Ramirez Pantaleon's detention, as a noncitizen[1] who is already residing in the United States, is discretionary pursuant to § 1226(a) or mandatory as provided for by § 1225(b)(2)(A).[2]

The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to the Petition on behalf of Federal Respondents[3] within ten business days. *See* Doc. 3. The USAO timely responded, arguing that Ramirez Pantaleon's detention is justified because he "is correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A) based on the plain language of that statute." Doc. 9 ("Response") at 2. As the Response acknowledges, though, the Tenth Circuit Court of Appeals expressly rejected Federal Respondents' position on "materially [in]distinguishable" facts. *See id.* (citing *Santillan Quiroz v. Mullin*, ---- F.4th ----, 2026 WL 1876709 (10th Cir. June 30, 2026)). "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since

---

[1] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[2] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[3] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of the Cibola County Correctional Center.

§ 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border." *Santillan Quiroz*, 2026 WL 1876709, at *7 (footnote omitted). Federal Respondents do not contend that Ramirez Pantaleon was detained while seeking entry at the border. *See* Doc. 9 at 2 (indicating that Ramirez Pantaleon entered the United States in January 2000 and was detained in El Paso, Texas, in February 2026).

Accordingly, the Court concludes that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Ramirez Pantaleon's detention.[4] *See* Doc. 9 at 2 ("The facts here are not materially distinguishable from those in *Santillan Quiroz* for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."); *Santillan Quiroz*, 2026 WL 1876709, at *5 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."). And because an IJ has already determined that Ramirez Pantaleon is neither a flight risk nor a danger to the community, the Court grants the Petition to the extent that Respondents are ordered to immediately release Ramirez Pantaleon upon payment of the $5,000 bond found in the alternative by the IJ at his bond hearing. Doc. 1-2 at 2; *see* 8 C.F.R. § 1236.1(c)(8) (explaining that a noncitizen may be released from custody if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding"); *Diaz-Cruz v. Dedos*, No. 1:25-CV-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025) (ordering a petitioner's immediate release upon payment of the bond amount set by an IJ in the alternative).

---

[4] As the Tenth Circuit observed, "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)." *Santillan Quiroz*, 2026 WL 1876709, at *5 n.6. They may also be subject to mandatory detention under § 1226(c). Federal Respondents do not argue that either of those provisions are applicable here.

3

Ramirez Pantaleon also seeks attorneys' fees and costs under the EAJA. *See* Doc. 1 at 22; *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). As it stands now, the Court is unable to ascertain whether Ramirez Pantaleon is entitled to fees because he has yet to submit "an application for fees and other expenses" and demonstrate that "the position of the United States was not substantially justified." § 2412(d)(1)(B). His present request is therefore denied without prejudice. Ramirez Pantaleon may refile his request in accordance with the procedure set out in the EAJA and Federal Respondents will be afforded an opportunity to respond.

It is hereby ordered:

1. Respondents must immediately release Ramirez Pantaleon from custody upon payment of a $5,000 bond. Respondents must also promptly inform Ramirez Pantaleon's counsel of when and where he will be released.

2. Upon Ramirez Pantaleon's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

3. Respondents must file a status report within three business days of this Order's filing to certify their compliance. The status report shall state when and where Ramirez Pantaleon was released.

4.  Federal Respondents are enjoined from detaining Ramirez Pantaleon under 8 U.S.C. § 1225(b)(2)(A).

5.  Ramirez Pantaleon shall promptly report to the Court any failure on Respondents' part to comply with this Order.

It is so ordered.


_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA